UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TERRAELA OWES | ) |
|     Petitioner, | ) ) ) |
| v. | )    No. 2:23-mc-00292-JAW |
| UNITED STATES OF AMERICA, | ) ) ) |
|     Respondent | ) |

**ORDER ON MOTION TO PREVENT GOVERNMENT ACCESS TO FINANCIAL RECORDS**

A customer of a financial institution, facing investigation for potential fraud, moves the Court pursuant to 12 U.S.C. § 3410 for an order preventing the Government from obtaining access to her financial records. The Court dismisses the motion without prejudice pursuant to 12 U.S.C. § 3410(a) because the customer failed to meet the statutory requirement of showing either that the financial records sought were not relevant to the legitimate law enforcement inquiry or that the Government failed to substantially comply with the provisions of the Right to Financial Privacy Act of 1978.

**I.    BACKGROUND**

The Government sent Terraela Owes a letter notifying her that her Paycheck Protection Program (PPP) loans were being investigated for potential fraud. Pursuant to the False Claims Act (FCA), 31 U.S.C. § 3729, *et seq.*, the Government issued a civil investigative demand to Ms. Owes and Bangor Savings Bank., a

financial institution associated with her, to determine whether Ms. Owes violated the FCA through her participation in the PPP.

In response to these demands, on September 25, 2023, Ms. Owes moved the Court "for an order preventing the government from obtaining access to [her] financial records." *Mot. for Order Pursuant to Customer Challenge Provisions of the Right to Fin. Privacy Act of 1978* at 1 (ECF No. 1) (*Pl.'s Mot.*). In support of her motion, Ms. Owes submitted a sworn statement that claimed "there's no legitimate reason or purpose" for the financial records sought by the Government. *Id.*, Attach. 1 at 1 (*Owes Aff.*).

On November 20, 2023, the Government filed a verified response to Ms. Owes' motion. *Gov't's Verified Resp. to Mot. for Order Pursuant to Customer Challenge Provisions of the Right to Fin. Privacy Act* (ECF No. 7). In its opposition, the Government argues that Ms. Owes "has failed to meet her initial burden of presenting a prima facie case that Government access to her financial records would be improper." *Id.* at 1. Noting that Ms. Owes has merely stated that "there is no legitimate reason or purpose" for the Government to access her financial records, the Government maintains that this "uncorroborated assertion is conclusory, not evidence," and it "fails to meet the low threshold of showing that the Government's access may be improper." *Id.* (quoting *United States v. Kaimondre Owes*, No. 2:23-mc-00270-JAW, 2023 U.S. Dist. LEXIS 195715, at *4-5 (D. Me. Nov. 1, 2023)).

Ms. Owes did not file a reply to the Government's response.

2

## II.     LEGAL STANDARD

The Right to Financial Privacy Act of 1978 (RFPA), 12 U.S.C. § 3401 *et seq.*, the statute that Ms. Owes invokes, protects customers of financial institutions from the government obtaining their financial records without adhering to certain procedural safeguards and giving the customer both notice and an explanation of the purpose of the inquiry. 12 U.S.C. §§ 3402, 3407-10. The RFPA also requires financial institutions to certify compliance with the statute before releasing the customer's financial records. 12 U.S.C. § 3403(b).

The RFPA allows customers to challenge a government demand pursuant to 12 U.S.C. § 3410(a). To challenge the government demand successfully, the customer must file a motion to quash or to enjoin the government from accessing the records along with a sworn statement declaring the applicant is the relevant customer and the applicant's "reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry," that "there has not been substantial compliance with the provisions of [the RFRA]," or both. 12 U.S.C. § 3410(a)(2); *see Owes*, 2023 U.S. Dist. LEXIS at *2-3.

When a customer files such a motion, courts determine if the "customer has complied with subsection (a)." 12 U.S.C. § 3410(b). Compliance requires sufficiently establishing some evidence that justifies a decision in the movant's favor. *H.R. Rep. No.* 1383, 9th Cong., 2d Sess. 53-54, 1978 U.S.C.C.A.N. 9273, 9325 ("all customers need to do is make an initial showing that access may be improper . . . This section does not require a detailed evidentiary showing . . . . However, it does require the

customer to state facts to support his position"); *Hancock v. Marshall*, 86 F.R.D. 209, 210-11 (D.D.C. April 9, 1980) ("Indeed, the Court is left guessing . . .. The relevant legislative history is clear in its intention to require adjudication of a customer's motion only when his affidavit present a prima facie case of impropriety"). Courts agree that the movant "has the initial burden of presenting a prima facie case that government access to his financial records would be improper." *Salm v. NLRB*, No. 08-MC-0124(JS), 2009 U.S. Dist. LEXIS 62447, at *2 (E.D.N.Y. July 20, 2009) (quoting *Panaro v. United States SEC*, No. 86-cv-4122, 1987 U.S. Dist. LEXIS 16810, at *3-4 (E.D.N.Y. Aug. 4, 1987)); *accord Galloway v. United States DOT Office of Inspector Gen.*, No. 1:19-mc-0101, 2019 U.S. Dist. LEXIS 159070, at *10 (N.D. Ohio Sept. 18, 2019); *Owes*, 2023 U.S. Dist. LEXIS 195715, at *3-4.

### III. DISCUSSION

Here, Ms. Owes filed a motion to enjoin the government from accessing the records and submitted a sworn statement. While Ms. Owes' statement confirms that she is the relevant customer, it does not meet the latter two requirements. She offers no suggestion that the government has failed to substantially comply with the procedural safeguards of the RFPA. In fact, she leaves blank that part of her form motion. *Owes Aff.* at 1. Ms. Owes also fails to present any evidence or argument that she did not receive valid notification or is otherwise claiming that the government failed to substantially comply with the RFPA.

This leaves Ms. Owes' obscure assertion that the Government sent the Customer Notice to her with "no legitimate reason or purpose." *Id.* Beyond this

uncorroborated declaration, Ms. Owes offers no facts or evidence to support her claim. *See H.R. Rep. No.* 1383 at 9325. She therefore has not met "the initial burden of presenting a prima facie case that government access to [her] financial records would be improper." *Salm*, 2009 U.S. Dist. LEXIS 62447, at *2; *Owes*, 2023 U.S. Dist. LEXIS 195715, at *4-5. Ms. Owes' uncorroborated assertion is conclusory, not evidence, and fails to meet "the low threshold of showing that the Government's access may be improper." *Owes*, 2023 U.S. Dist. LEXIS 195715, at 4-5.

The Court, therefore, dismisses without prejudice Ms. Owes' motion to prevent the Government from obtaining access to her financial records.

## IV.   CONCLUSION

The Court DISMISSES without prejudice Terraela Owes' Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2023.